UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 10-4418(DSD/JSM)

Alan G. Keiran and
Mary J. Keiran,

      Plaintiffs,

v.                                            **ORDER**

Home Capital, Inc.; BAC Home
Loans Servicing LP; Bank of
New York Mellon, as Trustee
for the Holders of CWABS, Inc.,
Asset-Backed Certificates,
Series 2007-6; John and Jane
Does 1-10,

      Defendants.

> Amoun Van Sayaovong, Esq. and Legal Solutions LLC, 150 Eaton Street, Suite 105, St. Paul, MN 55107, counsel for plaintiffs.
>
> Michelle E. Weinberg, Esq., D. Charles Macdonald, Esq., Elasalo V. Ale, Esq. and Faegre & Benson, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court upon the motion for summary judgment by defendants BAC Home Loans Servicing LP (BAC) and Bank of New York Melon (Bank of New York).[1]  Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion.

---

[1] The Keirans also named Home Capital Inc. and John and Jane Does 1-10, but never served those defendants.

**BACKGROUND**

This mortgage dispute arises out of a mortgage loan from Home Capital Inc. (Home Capital) to plaintiffs Alan G. Keiran and Mary J. Keiran.  See Compl. ¶¶ 5-6.  On December 30, 2006, Mr. Keiran and Home Capital executed a promissory note (Note) for the amount of $404,000 in exchange for a mortgage of real property located at 7820 200th Street West, Lakeville, Minnesota.  See id. ¶¶ 15, 17; Alvarado Aff. Exs. A, B.  Mortgage Electronic Registration System (MERS) was the nominal mortgagee.  See Alvarado Aff. ¶ 4.

On February 1, 2007, the Note was assigned to Countrywide Home Loans, Inc. (Countrywide).  See Compl. ¶ 30; id. Ex. 1, ECF No. 1-1, at 22.  The Note was later assigned to, and is now held by, Bank of New York.  See Alvarado Aff. ¶ 6.  BAC is the servicer of the Note.[2]  Id.

The Keirans stopped making payments on the Note in November 2008.  See id. ¶ 7.  On October 8, 2009, the Keirans sent rescission notices to Bank of New York and BAC alleging that they did not receive sufficient copies of disclosures required by the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601-1667f, at the December 2006 closing.  See Compl. Ex. 3, ECF No. 1-1, at 46-53.  On January 7, 2010, BAC informed the Keirans that no basis for rescission existed.  See id. Ex. 6, ECF No. 1-1, at 87.

---

[2] BAC is a subsidiary of Bank of America N.A. (Bank of America).  Bank of America became the successor in interest after its merger with Countrywide.

On October 29, 2010, the Keirans filed a claim seeking rescission of the mortgage loan, money damages and a declaratory judgment voiding defendants' security interest in the Keirans' mortgage loan. Defendants move for summary judgement.

## DISCUSSION

**I.   Standard of Review**

The court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

The court views all evidence and inferences in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex v. Catrett, 477 U.S. 317, 324 (1986). Moreover, if a plaintiff cannot support each essential element of his claim, the court must grant summary judgment, because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Id. at 322-23.

**II. TILA**

Congress enacted the TILA "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit ...." 15 U.S.C. § 1601(a). The court broadly construes the TILA in favor of consumers. Rand Corp. v. Yer Song Moua, 559 F.3d 842, 847-48 (8th Cir. 2009).

In transactions secured by a principal dwelling, the TILA gives borrowers an unconditional three-day right to rescind. 15 U.S.C. § 1635(a); see also id. § 1641(c) (extending rescission to assignees). The three-day rescission period begins upon the consummation of the transaction or the delivery of the required rescission notices and disclosures, whichever occurs last. Id. § 1635(a). Required disclosures must be made to "each consumer whose ownership interest is or will be subject to the security interest" and must include two copies of a notice of the right to rescind, see 12 C.F.R. § 226.23(a)-(b)(1), and a TILA disclosure statement, outlining:

> the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number and amount of payments [and] the due dates or periods of payments scheduled to repay the indebtedness....

15 U.S.C. § 1602(u). These disclosures must be made "clearly and conspicuously in writing, in a form that the consumer may keep."

12 C.F.R. § 226.17(a)(1).  If the creditor fails to make the required disclosures or rescission notices, the borrower's "right of rescission shall expire three years after the date of consummation of the transaction."  15 U.S.C. § 1635(f); see 12 C.F.R. § 226.23(a)(3).

### A.   Claim for Monetary Damages

The TILA allows for actual damages and attorney fees when a creditor violates the statute.  See 15 U.S.C. §§ 1635(g), 1640(a).  A claim for monetary damages under § 1640 must be brought "within one year from the date of the occurrence of the violation."  Id. § 1640(e).

The Keirans first claim that they are entitled to monetary damages, because defendants failed to provide two copies of the TILA disclosure statement at closing.[3]  The Keirans, however, filed the present suit on October 29, 2010, well after the one-year statute of limitations lapsed.[4]  Therefore, this claim is barred.

---

[3] It is not clear that the Keirans' pro se complaint alleges a damages claim for the failure to provide an adequate number of TILA disclosure statements.  Given the subsequent appointment of counsel, the Keirans arguably are not entitled to a liberal interpretation.  See Prince v. Lockhart, 971 F.2d 118, 121 n.5 (8th Cir. 1992).  The court, nevertheless, broadly interprets the Keirans' claim for monetary damages.

[4] Moreover, the Keirans acknowledged receipt of the TILA disclosure statement and the notices of right to cancel.  See Alvarado Aff. Ex. C.  These signed acknowledgments create a rebuttable presumption of delivery of these documents.  15 U.S.C. § 1635(c).

5

The Keirans also claim that they are entitled to monetary damages for defendants' failure to rescind the mortgage loan. Failure to rescind may constitute a separate violation under the TILA. See Tacheny v. M&I Marshall & Ilsley Bank, No. 10-2067, 2011 WL 1657877, at *5 (D. Minn. Apr. 29, 2011). After receiving a rescission notice, a creditor has twenty days to return money and property to the obligor. See 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d)(2). As a result, if defendants are liable for failure to rescind, the statute-of-limitations period began on November 2, 2009, twenty days after the Bank of New York received the Keirans' rescission notice.[5] The Keirans filed this action on October 29, 2010, within the one-year limitations period.

The defendants argue that they are not liable as assignees. Section 1641(a) states:

> [A]ny civil action for a violation of ... [the TILA] which may be brought against a creditor may be maintained against any assignee of such creditor *only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement*, except where the assignment was involuntary.

15 U.S.C. § 1641(a) (emphasis added).

The Eighth Circuit has yet to address whether an assignee that fails to rescind a mortgage loan can be liable for monetary damages when the disclosure violations are not evident on the face of the

---

[5] As a loan servicer, BAC is not liable for monetary damages. See 15 U.S.C. § 1641(f)(1); Bills v. BNC Mortg., Inc., 502 F. Supp. 2d 773, 775 (N.D. Ill. 2007)

6

document.  A majority of courts to address the issue explain that allowing monetary damages would "end run" the stated congressional purpose of § 1641.  See Bills v. BNC Mortg., Inc., 502 F. Supp. 2d 773, 776 (N.D. Ill. 2007) (codifying a bona fide purchaser rule); see also Little v. Bank of Am., N.A., 769 F. Supp. 2d 954, 968 (E.D. Va. 2011); Russell v. Mortg. Solutions Mgmt., Inc., No. 08-1092, 2010 WL 3945117, at *9 (D. Or. Apr. 6, 2010); Brodo v. Bankers Trust Co., 847 F. Supp. 353, 359 (E.D. Pa. 1994). But see Fairbanks Capital Corp. v. Jenkins, 225 F. Supp. 2d 910, 916-17 (N.D. Ill. 2002).

The Keirans argue that § 1641(a) does not apply to violations based on a failure to rescind.  The statute does not exempt rescission failures; instead it applies to "any civil action for a violation of this subchapter." 15 U.S.C. § 1641(a).  Moreover, the Keirans' proposed interpretation of § 1641(a) would require assignees to look beyond the notice of the right to rescind and the TILA disclosure statements and investigate the factual circumstances surrounding each borrower's closing. Section 1641, however, "does not impose a duty of additional inquiry upon assignees," rather assignees are liable "[o]nly [for] violations that a reasonable person can spot on the face of the disclosure statement." Taylor v. Quality Hyundai, Inc., 150 F.3d 689, 694

(7th Cir. 1998). Thus, an assignee cannot be liable for monetary damages when a TILA violation is not evident on the face of the loan document.

Bank of New York claims that no violations of the TILA were evident on the face of the Keirans' loan documents. The court agrees. A violation is facially apparent when the document "can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned, or ... does not use the terms required" by the TILA. 15 U.S.C. § 1641(a)(1)-(2). In other words, an assignee is only liable for "violations that a reasonable person can spot on the face of the disclosure statement or other assigned documents." Taylor, 150 F.3d at 694. The loan documents contain the Keirans' signed acknowledgment that they each received the TILA disclosure statement and two copies of the notice of the right to rescind. See Weinberg Aff. Ex. D; Alvarado Aff. Ex. C. When Bank of New York acquired the Note, there was no indication from the loan documents that any material defect was present. Therefore, dismissal of the Keirans' claim for monetary damages is warranted.

**B. Claim for Rescission**

The TILA provides a three-day right of rescission when the transaction is secured by a principal dwelling. See 15 U.S.C.

§ 1635(a). The rescission right is extended by three years if lenders do not provide the notice of the right to cancel or the TILA disclosure statements. See id. § 1635(f).

Even if not entitled to monetary damages, the Keirans argue that the court should rescind the loan. See 15 U.S.C. § 1641(c) ("Any consumer who has the right to rescind ... may rescind the transaction as against any assignee of the obligation."); Peterson-Price v. U.S. Bank Nat'l Ass'n, No. 09-495, 2010 WL 1782188, at *3 (D. Minn. May 4, 2010) (explaining that claims for monetary damages and rescission are separate causes of action). The Keirans claim that their request for rescission was timely, because it was received by the Bank of New York and BAC within three years of the December 30, 2006, closing. The court disagrees.

The TILA imposes a three-year statute of repose on claims for rescission. See 15 U.S.C. § 1635(f); Beach v. Ocwen Fed. Bank, 523 U.S. 410, 417-19 (1998). Unlike a statute of limitation, which regulates remedies, a statute of repose regulates rights and "operates as a statutory bar independent of the actions (or inaction) of the litigants." Nesladek v. Ford Motor Co., 46 F.3d 734, 737 (8th Cir. 1995); see Beach, 523 U.S. at 417 (["Section 1635] talks not of a suit's commencement but of a right's duration

as well."). As a result, the ability to rescind a transaction under the TILA expires three years after consummation of the transaction.[6]

Neither Beach nor the TILA specifically address whether a claim for rescission survives the three-year period if an obligor sends a rescission request to a bank within three years, but fails to file suit until the statute of repose lapses. The majority of courts to address this question hold that such a suit is barred by § 1635(f). See, e.g., Williams v. Wells Fargo Home Mortg., Inc., 410 F. App'x 495, 499 (3d Cir. 2011); Sall v. Bounassissi, No. 10-2245, 2011 WL 2791254, at *6 (D. Md. July 13, 2011); Barry v. Countrywide Home Loans, F.S.B., No. 10-1525, 2011 WL 441508, at *2-3 (D. Colo. Feb 8, 2011); Rosenfeld v. HSBC Bank, USA, No. 10-CV-00058, 2010 WL 3489926, at *5 (D. Colo. Aug. 31, 2010); DeCosta v. U.S. Bankcorp, No. 10-301, 2010 WL 3824224, at *5 (D. Md. Sept. 27, 2010); Gilbert v. Deutsche Bank Trust Co. Ams., No. 09-CV-181-D, 2010 WL 2696763, at *5 (E.D.N.C. July 7, 2010); Sam v. Am. Home Mortg. Servicing, No. 09-CV-2177, 2010 WL 761228, at *2 (E.D. Cal. Mar. 3, 2010). Other courts disagree. See, e.g., Stewart v. BAC Home Loans Servicing, LP, No. 10 C 2033, 2011 WL

---

[6] A statute of repose is jurisdictional by nature, and deprives a plaintiff of the ability to state a claim. See Roskam Baking Co., Inc. v. Lanham Mach. Co., 288 F.3d 895, 901 (6th Cir. 2002). Defendants do not argue that the Keirans' rescission claim is time barred, but "the court may, at any time, raise the issue of subject matter jurisdiction." See GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 828 (8th Cir. 2004).

10

862938, at *5-6 (N.D. Ill. Mar. 10, 2011); Brisos v. Wells Fargo Bank, 737 F. Supp. 2d 1018, 1026 (N.D. Cal. 2010) (adopting "the minority approach within [the Ninth] Circuit" and allowing a suit for rescission after three years).

Recently, this court sided with the majority position in Geraghty v. BAC Home Loans Servicing LP. See No. 11-336, 2011 WL 3920248 (D. Minn. Sept. 7, 2011) (Ericksen, J.). In Geraghty, the court determined that the language of the TILA, the holding in Beach and the strong public policy favoring certainty of title all support "the majority view that Congress intended that any lawsuit to enforce the right of rescission be brought within the three-year repose period." Id. at *5. The court finds the reasoning of Geraghty persuasive.

The history of the statute further supports the majority position. As originally enacted, the rescission period continued until a lender provided the required TILA disclosure statements. In 1974, however, Congress amended the TILA, changing the potentially indefinite rescission period to a three-year right of rescission.[7] See Act of Oct. 28, 1974, Pub. L. No. 93-495, § 405, 88 Stat. 1500, 1517. Under the Keirans' interpretation, a borrower who sends a letter claiming some disclosure defect, but who does

---

[7] Congress still expresses concerns about "the devastating liability" that results from the "most draconian" remedy of rescission, which can be triggered by "small violations of the disclosure requirements." 141 Cong. Rec. S14566, S14567 (daily ed. Sept. 28, 1995) (statement of Sen. D'Amato).

11

not file suit, has indefinitely tolled the rescission period. Such an interpretation is improper, because it contradicts Congress's intent to create a three-year recession period.

The court joins the Geraghty court in holding that a suit for rescission filed more than three years after consummation of an eligible transaction is barred by the TILA's statute of repose. In the present case, the Keirans did not file suit until nearly four years after consummation. Therefore, the claim is barred, and summary judgment is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion for summary judgment [ECF No. 11] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated:  November 30, 2011

                                            s/David S. Doty  
                                            David S. Doty, Judge  
                                            United States District Court