UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 10-4418 (DSD/JSM)

---

| | |
|---|---|
| Alan G. Keiran and Mary J. Keiran, | |
| Plaintiffs, | |
| Vs. | **PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** |
| Home Capital Inc., BAC Home Loans Servicing L.P., a subsidiary of Bank of America, N.A. f/k/a Countrywide Home Loans Servicing, L.P., Bank of New York Melon, as Trustee for the Holders of CWABS, Inc., Asset-backed Certificate Series 2007-6, | |
| Defendants. | |

---

## INTRODUCTION

Plaintiffs have established the existence of a violation of TILA and, therefore, the right to rescind as a matter of law. Plaintiffs have met their burden in rebutting the presumption of delivery. Defendants have already admitted in open Court the fact that their files only contain a single copy of the Disclosure Statement.[1]

---

[1] For ease of reference, the transcript from the motion hearing on September 23, 2011, is attached to the Petricka Affidavit of July 24, 2015 as Exhibit A. Defendants' counsel acknowledged on page 22 in response to the Court's inquiry as follows: "[i]t - - *it appears that there is only one copy*" Counsel goes onward to argue that unlike the notice of right to cancel, there is no requirement of more than one copy. In fact, Defendants' prior memorandum stated: "As a threshold matter, the lender need not provide two copies of the Disclosure Statement as the Keirans appear to believe.. . .Thus, the single copy of the Disclosure Statement that the Keirans received is sufficient." (Doc. 13) at 10. Defendants continue to argue this position in their pending motion. (Doc. 60) at 12, fn. 40.   (A blatant

1

Additionally, the documents produced by the title company further support Plaintiffs' position.  Accordingly, the burden to prove delivery shifts to Defendants, who has failed entirely to present any other evidence of actual delivery of the *requisite* two copies of the Disclosure Statement —an undisputed violation of TILA. [2]

Defendants continue to argue against the clear, unambiguous statutory provisions of TILA and recent case law relating to tender.  Nowhere in TILA is there a stated condition that Plaintiffs are required to prove ability to tender <u>before</u> they are entitled to have the issue of rescission decided.  This red herring argument does not arise until rescission is ordered and Defendants first "return any money" that has been provided or paid for the transaction and "take any action necessary to reflect the termination of the security interest." Reg. Z § 226.23(d) (2-3).  This statutory sequence is mandatory and completely ignored by Defendants.

Additionally, Defendants cannot escape liability for those violations that took place *subsequent* to the original transaction, as set forth in 15 U.S.C. § 1641(c). Plaintiffs' main relief sought is the rescission of the subject transaction.  Plaintiffs are entitled to hold Defendants liable for their own unlawful action in refusing to rescind, which are separate from the statutory damages that are not allowed

---

misstatement of the law).

[2] For purposes of the pending motion, Plaintiffs are relying on the failure to provide two (2) Disclosure Statements, but reserve the right to pursue the other errors in the Disclosure Statement. These additional errors are far from "manufactured" or "false."  Instead, the affidavit interposed by Alvarado is patently false and, therefore, cannot be relied upon for Defendants' position.

against Defendants due to the fact that as an assignee the violations were not apparent on the face of the document. These two concepts are entirely different and separate. Otherwise, no borrower would ever be able to hold an assignee lender liable for its wrongful refusal to provide rescission and comply with TILA.

## ARGUMENT

### I.
### PLAINTIFFS HAVE ESTABLISHED A VIOLATION OF THE TRUTH IN LENDING ACT ENTITLING THEM TO RESCIND.

**A. It is undisputed that Plaintiffs were each entitled to receive their own copy of the Truth in Lending Disclosure Statement.**

Throughout the entire course of this proceeding, the Keirans have consistently maintained that Countrywide, the BAC successor in interest, only provided them with one single unsigned TILA Disclosure Statement. For Defendants to argue that Plaintiffs "kept only one copy" is completely false and nothing more than improper and misleading argument of counsel – not fact or evidence. (See Doc. No. 60 at 12).

Although "disclosures may be made to any consumer who is primarily liable on the obligation," Reg. Z §2226.17(d) says, "[i]f the transaction is rescindable under Sec. 226.23, however the **disclosures shall be made to each consumer who has the right to rescind**." (Emphasis added); See also Official Staff Commentary, Sec. 17 (d) 2. [3] The failure to provide two copies of the Disclosure

---

[3] "In rescindable transactions, however, separate disclosures must be given to each consumer who has the right to rescind under section 226.23..." Accordingly, Defendants' earlier position that only one copy is required of the Disclosure

Statement to Plaintiffs is hardly a "hyper technical deficiency."

> **B. Plaintiffs have rebutted the mere presumption of receipt of two copies of the Disclosure Statement, and Defendants are unable to meet their burden of proving otherwise.**

Defendants rely entirely upon the acknowledgement contained on the single Disclosure Statement found in their own loan files stating that Plaintiffs each received their own copy. Defendants fail to recognize that this acknowledgement is merely a rebuttable presumption and **not** "a conclusive presumption of delivery of those disclosures" as erroneously argued in support of summary judgment. (*See* Doc. 69 at 14). This is a complete misstatement of the law by Defendants.[4]

Plaintiffs are not relying on "bald" assertions. Instead, Plaintiffs have provided statements under oath that provide with certainty and in detail that they did not each receive a copy of the Disclosure Statement, which would constitute their testimony of relevant material facts at trial. *See* 2nd Affidavit of A. Keiran at §§17-20; 2nd Affidavit of M. Keiran at §§17-20. Plaintiffs are also entitled to rely upon the statements by Defendants' counsel and position taken in this lawsuit. (*See* Petricka Aff. of 7/24/15, Ex. A at 22).

---

Statement is clearly contrary to the law.

[4] The NCLC [National Consumer Law Center] noted that Section 1641(b) "[b]y its terms is inapplicable where the rebuttable presumption of section 1635(c) applies. (Citing *Cappuccio v. Prime Capital Funding*, LLC, 649 F.3d 180, 190 (3d Cir. 2011) (contrasting "conclusive proof" in § 1641(b) with "does no more than create" in § 16435 (c) and finding latter "intended to construct the weakest form of presumption possible.").

Plaintiffs' position that they received only one copy of the Disclosure Statement and not two (not that they only kept one copy), is supported by the documents produced under subpoena by Defendants' title company NETCO. Coincidentally, NETCO's file contained exactly the same documentation found in BOTH that of the Defendants and Plaintiffs — only one copy of the Disclosure Statement, but two copies of the Notice to Notice of Right to Cancel for each Plaintiff. (*See* Petricka Aff. of *7/24/15* at Ex. B, N069 – N074).

Accordingly, there exists sufficient and consistent evidence that corroborates Plaintiffs' statement under oath. In the case at bar, we have three (3) separate sources that all establish the existence of only one Disclosure Statement and two Notices of Right to Cancel in everyone's files.  (*Id*.).

Defendants' legal authority can readily be distinguished from the case at bar. [5]  As previously argued by Plaintiffs, an affidavit by a homeowner who

---

[5]Defendants' legal authority is not on point. *See* e.g., *Gomez v. Marketplace Home Mortgage LLC,* No. 12-153, 2012 WL 1517260 *3 (D. Minn. April 30, 2012) (unpublished opinion) (the borrowers stated during oral argument in support of a preliminary injunction that they had not planned to introduce evidence beyond their statements, and distinguished the case of Stutzka (infra) in its analysis); *Sobieniak v. BAC Home Loans Servicing, LP*, 835 F. Supp. 2d 705 (D. Minn. 2011) *vacated on other grounds* (citations omitted) (bald assertions without more insufficient to overcome presumption in situation where borrowers unable to set forth supportive other evidence); *Golden v. Town & Country Credit*, No. 02-3627, 2004 WL 229078 at *2 (D. Minn. Feb. 3, 2004) (unpublished opinion) (borrowers could not state with complete certainty that the signatures on the acknowledgement were theirs and declined to avail themselves to the additional opportunity provided by the Court to further substantiate their claims); *Hendricksen v. Countrywide Home Loans*, slip op. , NO 3:09-CV-00082, 2010

has personal knowledge is sufficient to rebut this presumption. *Stutzka v. McCarville*, 420 F.3d 757 (8th Cir. 2004).

Plaintiffs have effectively rebutted the presumption of non-receipt of the requisite number of Disclosure Statements, which effectively places the burden of proof back on Defendants to prove otherwise. Since Defendants have failed to provide any evidence in support of providing two Disclosure Statements and are unable to do so— Plaintiffs have established that they did not EACH receive their own Disclosure Statement, thereby entitling them to judgment as a matter of law. The TILA violation asserted has been proven to exist.

## II.
## THE RIGHT TO RESCIND IS NOT CONDITIONED UPON ESTABLISHING THE ABILITY TO TENDER, AS INCORRECTLY ARGUED BY DEFEDANTS.

At issue is whether the Keirans are entitled to an order declaring their obligations rescinded. In response, the BAC Defendants propose yet another hurdle. Specifically, they propose the Keirans must "prove" they could tender.[6]

Ordinarily, a determined party would begin by analyzing the statutory,

---

WL 255389 #5-6 (W.D. Va. June 24, 2010) (unpublished and outside jurisdiction) (Court provided borrowers with every opportunity to substantiate their claim, but they failed to come back to Court with additional proof beyond their affidavits and why they did not think the lender's documents were authentic).

[6] *But see Coleman v. Crossroads Lending Group, Inc.,* (D. Minn, Nov. 9, 2010) (Schiltz, P) (thoroughly explaining rescission procedures under § 1635). In the case cited by BAC defendants, *Yamamoto v. Bank of New York,* 329 F.3d 1167 (9th Cir. 2003), the consumers testified they could not tender and the district court still gave them sixty days to do so. The Ninth Circuit is an anomaly, but that case is inapposite.

regulatory and official commentary cited by the BAC Defendants. But the BAC Defendants cite none. This is not surprising because this obstacle does not exist. The Keirans challenge the BAC Defendants to cite any codified authority. This is the starting point for analysis.

Section 1635 outlines a three-step process for returning parties to the status *quo ante*. First, the consumer rescinds by notifying the creditor - a step that has already occurred in this case. 15 U.S.C. § 1635(a). At this precise point, the mortgage is rescinded. 15 U.S.C. § 1635(b) (the "security interest…becomes void upon such a rescission" when the consumer "exercises his right to rescind under section (a)" by notifying creditor); Official Commentary § 226.23(d) (2)-1 ("The security interest is automatically negated regardless of its status and whether or not it was recorded or perfected"). Step one is complete and the mortgage is already rescinded unilaterally.[7] *Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. ___

---

[7] *See, e,g., Sherzer v. Homestar Mortgage Servs.*, 707 F.3d 255, 261 n.4 (3d Cir. 2013); *In re Hubbel*, 427 B.R. 789, 798 (N.D. Cal. 2010) ("Under the statutory terms, which on their face are self-executing, the loans had been rescinded[]" after bankruptcy trustee sent rescission letters); *Lippner v. Deutsche Bank Nat'l Trust Co.,* 544 F. Supp. 2d 695 (N.D. Ill. 2008) (holding that security interest becomes void upon mailing of the rescission letter); *Stump v. WMC Mortgage Corp.*, 2005 WL 645238, at *10 (E.D. Pa. Mar. 16, 2005); *Velazquez v. HomeAmerican Credit, Inc.,* 254 F. Supp. 2d 1043, 1045–1046 (N.D. Ill. 2003) (though TILA's rescission process may seem inequitable, Congress intended to leave creditor unsecured); *Stone v. Mehlberg*, 728 F. Supp. 1341, 1348 (W.D. Mich. 1989); *Cromwell v. Countrywide (In re Cromwell)*, 461 B.R. 99, 137 (Bankr. D. Mass. 2011) ("Having determined that the Debtors exercised a right to rescind that was legally available to them . . . the Mortgage is void as a matter of law and Countrywide now holds an unsecured claim"); *Giza v. Amcap Mortgage, Inc. (In re Giza),* 428 B.R. 266, 274–275 (Bankr. D. Mass. 2010) (subsection (d) of the rescission regulation "empower[s] the court to modify procedures surrounding the rescission process—

(2015) ("§1635(b) alters the traditional process for unwinding such a unilateral rescinded transaction"); *see also* 141 Cong. Rec. H9515 (Sept. 27, 1995) ("As a result of these technical violations of the Truth in Lending Act, borrowers are able to rescind their mortgages. When a mortgage is rescinded, the borrower is released from the mortgage lien, leaving the lender with an unsecured loan, and the borrower is entitled to repayment of interest and all other payments made on the loan.")

Second, within 20 days after receipt of this notice, the ball swings into the creditor's court and imposes a duty to "return to the obligor any money…and…take any action necessary or appropriate to reflect the termination of any security interest created under the transaction."

Third, "*[u]pon the performance of the creditor's obligations* under this section, the obligor shall tender the property to the creditor…" 15 U.S.C. § 1635(b) (emphasis added). By its plain language, the obligation to tender arises *upon the performance of the creditor's obligations* under this section, so the issue

---

*not to alter the voiding of the security interest itself*. Part (d) of these regulations . . . address the process by which rescission occurs after the security interest has been voided. When a security interest is voided, the underlying claim becomes unsecured[.]") (emphasis in original; citations and footnote omitted.); *Williams v. BankOne, N.A. (In re Williams),* 291 B.R. 636, 662 (Bankr. E.D. Pa. 2003) (classifying rescinded mortgage as unsecured claim); *Rodrigues v. U.S. Bank (In re Rodrigues)*, 278 B.R. 683, 689 (Bankr. D.R.I. 2002) (voiding mortgage and declaring balance due to be unsecured claim "subject to discharge*");* *Ralls v. Bank of N.Y. (In re Ralls),* 230 B.R. 508, 522 (Bankr. E.D. Pa. 1999) (finding chapter 13 debtor's rescission valid; terminating security interest and reducing creditor to "the status of an unsecured creditor whose payment is likely to be eliminated or significantly diminished in distribution.")

8

is whether the creditor has performed all of its obligations. This is the starting point and we must now decide whether the BAC Defendants have performed all conditions precedent.

Did the BAC defendants return any money to the Keirans? Of course, the Keirans' grievance in this case is that the BAC Defendants have failed to do so. The BAC Defendants do not dispute that they have failed to return money to the Keirans – a condition precedent to the Keirans' tender.

Did the BAC Defendants take any action necessary or appropriate to reflect termination of the mortgage? Again, the Keirans' grievance is that the BAC Defendants have failed to do so. Again, the BAC Defendants do not dispute their failure to do so. Instead, it seems Defendants rely on excuses and self-imposed hurdles, tightropes and trampolines the Keirans purportedly navigate. However, ***the statute is clear: BAC's failure to satisfy conditions precedent makes tender irrelevant at this point***.

Of course a Court has some authority *to adjust steps two and three.* "For example, when a consumer is in bankruptcy proceedings and prohibited from returning anything to the creditor, or when the equities dictate, a modification might be made." Official Commentary § 226.23(d)(4)-1. But, as noted by this Court in the case of *FDIC v. Huges Development Co., Inc.*, 684 F.Supp. 616, 625 (D. Minn. 1988) (The Honorable David S. Doty), **"§ 1635 does not allow creditors to force a debtor to tender loan proceeds** when that debtor rescinds a consumer loan." This is precisely what the BAC Defendants propose, apparently

9

hoping to seize a windfall profit through callous disregard for the law. Indeed, the statute only allows the Court to do so because the "procedures prescribed by this subsection shall apply *except when otherwise ordered by a court*." 15 U.S.C. § 1635(b) (emphasis added). The court has never issued such an order and this is undisputed. Indeed, BAC is swimming into restricted waters governed solely by this Court.[8]

To come full circle, the Keirans ask this court issue an order reflecting cancellation of the mortgage because the BAC Defendants callously refused to do voluntarily within the 20 day window. The Keirans have performed each step precisely as the legislature stated, exercised only those rights afforded, fought to protect this right, endured bullying by a separate foreclosure action, and have spent outrageous sums to arrive at this very point. With more than 2100 days passing since the Keirans' October 2009 rescission, it is time for this order reflecting cancellation of the mortgage.

---

[8] The BAC defendants do not contend that any such equities dictate changing these procedures, but they would nevertheless face a variety of issues:

> The sequence of procedures…or a court's modification of those procedures…does not affect a consumer's substantive right to rescind and to have the loan amount adjusted accordingly. *Where the consumer's right to rescind is contested by the creditor, a court would normally determine whether the consumer has a right to rescind and determine the amounts owed before establishing the procedures for the parties to tender any money or property.*

Official Commentary § 226.23(d)(4)-1 (emphasis added).

## III.
## PLAINTIFFS ARE ENTITLED TO RESCISSION, AND RELATED REMEDIES AVAILABLE FOR DEFENDANTS' FAILURE TO COMPLY WITH TILA

Plaintiffs are seeking only those damages and amounts allowed by the TILA that are available against assignees who outright fail to timely respond to a notice to rescind and fail to comply with the statutory requirements once notice is provided. [9] This Court previously found statutory damages were not available, but did not address other damages allowable by TILA.

## CONCLUSION

Based on the forgoing and Plaintiffs' prior memoranda submitted to the Court, Plaintiffs' are entitled to summary judgment in their favor. Plaintiffs have properly exercised their right to rescind and established the validity of their underlying basis to rescind. Defendants have failed outright to comply with statutory requirements of TILA and Regulation Z, thereby entitling Plaintiffs to rescission and related remedies as a matter of law.

Respectfully Submitted,

Dated: July 24, 2015        /s/ LuAnn M. Petricka_____
                            LuAnn M. Petricka, #18505X
                            Petricka Law Firm, P.A.
                            150 S. 5th Street, Suite 3100
                            Minneapolis, MN 55402
                            (612)465-0945 (work)
                            petricka@visi.com
                            ATTORNEY FOR PLAINTIFFS

---

[9] See Plaintiffs' Memo in Support of Summary Judgment (Doc. 72) at 36-41.

11