UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 10-4418(DSD/JSM)

Alan G. Keiran and Mary J. Keiran,

       Plaintiffs,

v.                                                                  **ORDER**

Home Capital, Inc., BAC Home Loans
Servicing L.P., a subsidiary of Bank
of America, N.A. f/k/a Countrywide
Home Loans Servicing L.P., Bank of
New York Melon, as Trustee for the
Holders of CWABS, Inc., Asset-backet
Certificate Series 2007-6,

       Defendants.

    LuAnn M. Petricka, Esq., 150 South Fifth Street, Suite 3100, Minneapolis, MN 55402, counsel for plaintiffs.

    D. Charles Macdonald, Esq. and Michelle E. Weinberg, Esq., Faegre Baker Daniels, LLP, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402, counsel for defendants.

    This matter is before the court upon the cross-motions for summary judgment by plaintiffs Alan and Mary Keiran and defendants BAC Home Loans Servicing LP (BAC) and Bank of New York Mellon (Bank of New York).[1]  Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants defendants' motion and denies plaintiffs' motion.

---

[1] The Keirans also named Home Capital Inc. and John and Jane Does 1-10, but never served those defendants.

**BACKGROUND**

The background of this matter is fully set forth in the court's November 30, 2011, order granting summary judgment in favor of defendants, and the court recites only those facts necessary to resolve the instant motions. This mortgage dispute arises out of a mortgage loan from Home Capital Inc. to the Keirans. Compl. ¶¶ 5-6. On December 30, 2006, Mr. Keiran and Home Capital executed a $404,000 promissory note (Note) in exchange for a mortgage of real property located at 7820 200th Street West, Lakeville, Minnesota. Id. ¶¶ 15, 17; Keiran Aff. ¶¶ 2, 13.[2] Mortgage Electronic Registration System (MERS) was the nominal mortgagee. Alvarado Aff. ¶ 4. On February 1, 2007, the Note was assigned to Countrywide Home Loans, Inc. (Countrywide). Compl. ¶ 30; id. Ex. 1, at 22. The Note was later assigned to, and is now held by, Bank of New York. Alvarado Aff. ¶ 6. BAC is the servicer of the Note.[3] Id.

The Keirans stopped making payments on the Note in November 2008. Id. ¶ 7. On October 8, 2009, the Keirans sent rescission notices to Bank of New York and BAC alleging that they did not

---

[2] The affidavits separately submitted by Alan and Mary Keiran in response to these motions are identical in all material respects, and as a result, the court refers to them collectively.

[3] BAC is a subsidiary of Bank of America N.A. Bank of America became the successor in interest after its merger with Countrywide.

receive a sufficient number of disclosure statements required by the Truth in Lending Act (TILA). See Compl. ¶ 36; id. Ex. 3, at 46-53. BAC responded to the notice via letter on October 27, 2009. See ECF No. 70, Ex. 1. The letter stated that the alleged violations were "very vague" and that further clarification would be needed to address them. Id. at 2. BAC also provided the Keirans with the loan documents that the bank had on file, noting that "[t]he signatures on these documents confirm the borrowers received, read, understood, and agreed to the terms and conditions contained within each document." Id.

BAC sent a second letter to the Keirans on January 7, 2010, informing them that no basis for rescission existed. Compl. Ex. 6. The letter formally denied the request for rescission and enclosed a copy of the Keirans' signed TILA disclosure statement. Id. at 4. The disclosure statement included the signatures of both of the Keirans, and provided that "[e]ach of the undersigned acknowledge receipt of a complete copy of this disclosure." Id.

The Keirans filed a complaint on October 29, 2010, seeking rescission of their mortgage loan, a declaratory judgment voiding defendants' security interest in the loan, and money damages. The court granted summary judgment in favor of defendants on November 30, 2011. ECF No. 39. The court denied the claims for monetary damages because (1) the suit was commenced more than one year after defendants allegedly failed to provide a sufficient number of TILA

disclosure statements to the Keirans, and (2) the alleged TILA violations were not present on the face of the loan documents. Id. at 5, 8.  The court also held that the rescission claim was untimely because the Keirans did not file suit within three years of the December 2006 closing.  Id. at 12.

The Keirans appealed, and the Eighth Circuit affirmed.  See Keiran v. Home Capital, Inc., 720 F.3d 721 (8th Cir. 2013).  The Keirans then petitioned the United States Supreme Court for a writ of certiorari.  See Keiran v. Home Capital, Inc., No. 13-705, 2013 WL 6513778 (Dec. 9, 2013).  The petition addressed only the timeliness of the rescission claim, and did not appeal the denial of the claims for monetary damages.  Id. at *i.  The Supreme Court reversed, finding that a consumer may exercise a right to rescind simply by providing written notice to the lender, rather than file suit, within three years of the loan transaction.  See Jesinoski v. Countrywide Home Loans, Inc., 135 S. Ct. 790 (2015).  The Eighth Circuit remanded to this court, and the parties now cross-move for summary judgment.

**DISCUSSION**

**I.   Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ.

4

P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. Id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. Id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. Celotex, 477 U.S. at 324. A party asserting that a genuine dispute exists - or cannot exist - about a material fact must cite "particular parts of materials in the record." Fed R. Civ. P. 56(c)(1)(A). If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Celotex, 477 U.S. at 322-23.

**II.  TILA**

Congress enacted the TILA "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit...." 15 U.S.C. § 1601(a). The court broadly construes the TILA in favor of consumers. Rand Corp. v.

5

Yer Song Moua, 559 F.3d 842, 847-48 (8th Cir. 2009). On remand, the Keirans argue that they are entitled to rescission[4] because (1) defendants did not provide them with the required amount of disclosure statements, (2) the disclosure statements contained material inaccuracies regarding finance charges associated with the loan, and (3) defendants did not timely and adequately respond to their October 8, 2009 notice of rescission.

In transactions secured by a principal dwelling, the TILA gives borrowers an unconditional three-day right to rescind. 15 U.S.C. § 1635(a); see also id. § 1641(c) (extending rescission to assignees). The three-day rescission period begins upon the consummation of the transaction or the delivery of the required rescission notices and disclosures, whichever occurs last. Id. § 1635(a). Required disclosures must be made to "each consumer whose ownership interest is or will be subject to the security interest" and must include two copies of a notice of the right to rescind, see 12 C.F.R. § 226.23(a)-(b)(1), and a TILA disclosure statement, outlining:

> the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number and amount of payments [and] the due

---

[4] As previously stated, the Keirans did not appeal the Eighth Circuit's denial of their claims for money damages. Although the Keirans maintain that they are entitled to money damages, the court will not consider this argument on remand.

6

>     dates or periods of payments scheduled to
>     repay the indebtedness....

15 U.S.C. § 1602(v). These disclosures must be made "clearly and conspicuously in writing, in a form that the consumer may keep." 12 C.F.R. § 226.17(a)(1). If the creditor fails to make the required disclosures or rescission notices, the borrower's "right of rescission shall expire three years after the date of consummation of the transaction." 15 U.S.C. § 1635(f); see 12 C.F.R. § 226.23(a)(3). If no disclosure violation occurs, "the right to rescind is not extended for three years and instead ends at the close of the three-day window following consummation of the loan transaction." Keiran, 720 F.3d at 730 n.8.

### A. Number of Disclosure Statements

The Keirans first argue that they are entitled to rescission because they did not each receive a copy of a TILA disclosure statement. See 12 C.F.R. § 226.17(a)(1), (d). If a consumer acknowledges in writing that he or she received a required disclosure, this creates "a rebuttable presumption of delivery thereof." 15 U.S.C. § 1635(c). It is undisputed that the Keirans signed an acknowledgment stating that they each received a copy of the disclosure statement. In affidavits submitted in response to these cross-motions, however, the Keirans state that they received only one copy. See Keiran Aff. ¶¶ 17(h), 20. They also state that they were not provided with adequate time to review the documents

that they signed, and that they have kept the documents secure and in their same condition since closing. Id. ¶¶ 14-19. Moreover, the Keirans have produced the file maintained by defendants' title company, which includes identical copies of the documents that were in BAC's possession. See Petricka Reply Aff. Ex. B.

The court finds that the Keirans have failed to rebut the presumption in favor of proper delivery under § 1635(c). This court has consistently held that statements merely contradicting a prior signature are insufficient to overcome the presumption. See Gomez v. Marketplace Home Mortg. LLC, No. 12-153, 2012 WL 1517260, at *3 (agreeing with "the majority of courts that mere testimony to the contrary is insufficient to rebut the statutory presumption of proper delivery"); Sobienak v. BAC Home Loans Servicing, LP, 835 F. Supp. 2d 705, 710 (D. Minn. 2011); Golden v. Town & Country Credit, No. 02-3627, 2004 WL 229078, at *2 (D. Minn. Feb. 3, 2004) (finding deposition testimony insufficient to overcome presumption). The documents procured from defendants' title company also do nothing to contradict the Keirans' signed acknowledgment, because they simply mirror the documents already on file with BAC. Under these circumstances, the court finds the presumption of proper delivery has not been overcome.

The Keirans argue that Bank of America v. Peterson, 746 F.3d 357 (8th Cir. 2014), is dispositive as to whether they have rebutted the presumption under § 1635(c). The court disagrees. In

Peterson, the plaintiffs submitted affidavit testimony that they had not received their necessary TILA disclosure statements. Citing to a case from the Third Circuit, the Peterson court determined that this was sufficient to overcome the presumption of proper delivery. Id. (quoting Cappuccio v. Prime Capital Funding LLC, 649 F.3d 180, 189-90 (3d Cir. 2011) ("[T]he testimony of a borrower alone is sufficient to overcome TILA's presumption of receipt.")). The Peterson court also noted, however, that the bank admitted to a number of other TILA violations regarding the transaction. Id. at 358-59. Construing the evidence in a light most favorable to the plaintiffs, the Eighth Circuit found that the presumption had been overcome.

In contrast to Peterson, the record here is devoid of any evidence - apart from self-serving affidavit testimony - that the defendants failed to provide the required number of disclosure statements or otherwise comply with TILA. Peterson did not directly hold that, in all situations, mere affidavit testimony rebuts the statutory presumption of proper delivery. Indeed, when considering a motion for summary judgment, the court must reject all conclusory and self-serving testimony unsupported by additional facts. See Ballard v. Heineman, 548 F.3d 1132, 1136 (8th Cir. 2008) (citing Allen v. Entergy Corp., 181 F.3d 902, 906 (8th Cir. 1999) ("[C]onclusory affidavits devoid of specific factual allegations rebutting the moving party's evidence cannot defeat a

summary judgment motion."). Given the conclusory nature of the Keirans' statements, the court cannot find that they have rebutted the presumption in favor of proper delivery. Summary judgment is therefore warranted in favor of defendants.

**B.   Accuracy of the Disclosure Statements**

The Keirans next argue that they are entitled to rescission because certain finance charges included in the disclosure statements are materially inaccurate. A finance charge is treated as accurate if "the amount disclosed as the finance charge does not vary from the actual finance charge by more than an amount equal to one-half of one percent of the total amount of credit extended." Beukes v. GMAC Home Mortg., LLC, 786 F.3d 649, 652 (8th Cir. 2015) (quoting 15 U.S.C. § 1635(f)(2)). The Keirans were extended $404,000 in credit, and as a result, they are entitled to rescission if the finance charges included in the disclosure statement varied by more than $2,020.

The Keirans allege that the disclosure statement understated their finance charges by $2,172.40. See Keiran Aff. ¶ 22. In part, they argue that a listed finance charge for their hazard insurance premium should have been $1,025 rather than $1,955, resulting in a understated charge of $750. See Pl.'s Opp'n Mem. at 25; Keiran Aff. ¶ 22; id. Ex. 12A. The disclosure statement, however, expressly provided that the Keirans could obtain hazard and flood insurance through a separate provider of their choice.

10

See Keiran Aff. Ex. 12A, at 2. Premiums for property damage insurance may be excluded from the total finance charge if the lender (1) provides in writing that the borrower may obtain insurance from a person of his or her choosing and (2) sets forth in writing the cost of the insurance if obtained through the lender. 15 U.S.C. § 1605(c); 12 C.F.R. § 226.4(d)(2). The Keirans admit that they were provided with the required information regarding the cost of their insurance. Pl.'s Opp. Mem., at 25. Therefore, when excluding this amount,[5] the total finance charge is reduced to $217.4. This alleged understatement is well within the accuracy threshold under § 1635(f)(2).

The Keirans argue in the alternative that the finance charges were subject to an accuracy threshold of $35 because defendants initiated foreclosure proceedings before the rescission notices were sent. See 15 U.S.C. § 1635(i)(2) (imposing a $35 threshold where borrower exercises "any rescission rights after the initiation of any judicial or nonjudicial foreclosure process"). Under Minnesota law, foreclosure by advertisement is commenced "on

---

[5] The Keirans also argue that this amount can only be excluded if it is "bona fide and reasonable." Although certain real-estate related fees may be excluded only if they are "bona fide and reasonable," see 12 C.F.R. § 226.4(c)(7), this condition does not apply to premiums for property damage insurance. Id. § 226.4(d)(2). Nonetheless, the Keirans agree that $1,025 of the listed hazard insurance premium was bona fide and reasonable. Even when excluding this lesser amount, the total finance charge falls well within the permitted accuracy threshold.

11

the date of the first publication of the notice of sale."[6]  Minn. Stat. § 541.03, subd. 2.  The Keirans do not allege that a notice of sale was published before October 8, 2009, and summary judgment in favor of defendants is therefore warranted.

### C. Response to the Notice of Rescission

Lastly, the Keirans argue that defendants' security interest is void because they failed to adequately and timely respond to their notice of rescission.  When a borrower exercises a right to rescind, the lender must return to the borrower "any money or property given" to the lender within twenty days.  15 U.S.C. § 1635(c).  The Keirans argue that, because the defendants did not adequately respond to their notice within twenty days, the rescission took effect twenty days from defendants' receipt of the notice.  As explained, however, the Keirans have not shown that the defendants violated the TILA.  As a result, their right to rescind did not extend beyond the three-day period under § 1635(a).[7]  The defendants therefore did not have an obligation to rescind within twenty days, let alone respond to the notice, and summary judgment is warranted.

---

[6] The Keirans do not allege that judicial foreclosure proceedings had commenced before the rescission notice was sent. Therefore, the court only considers whether defendants had initiated nonjudicial proceedings.

[7] Because the court finds that the Keirans do not have a valid right of rescission, summary judgment is also warranted on their declaratory judgment claim.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' motion for summary judgment [ECF Nos. 71, 79] is denied; and

2. Defendants' motion for summary judgment [ECF No. 59] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: September 1, 2015

s/David S. Doty
David S. Doty, Judge
United States District Court
