UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 10-4418(DSD/JSM)

Alan G. Keiran and
Mary J. Keiran,

            Plaintiffs,

v.                                                    **ORDER**

Home Capital, Inc., BAC Home Loans
Servicing L.P., a subsidiary of Bank
of America, N.A. f/k/a Countrywide
Home Loans Servicing L.P., Bank of
New York Melon, as Trustee for the
Holders of CWABS, Inc., Asset-backed
Certificate Series 2007-6,

            Defendants.


     LuAnn M. Petricka, Esq., 150 South Fifth Street, Suite 3100,
     Minneapolis, MN 55402, counsel for plaintiffs.

     D. Charles Macdonald, Esq. and Michelle E. Weinberg, Esq.,
     Faegre Baker Daniels, LLP, 2200 Wells Fargo Center, 90 South
     Seventh Street, Minneapolis, MN 55402, counsel for defendants.


     This matter is before the court upon the motion for additional

or amended findings by plaintiffs Alan and Mary Keiran in their

dispute with defendants BAC Home Loans Servicing LP and Bank of New

York Mellon.[1]   Based on a review of the file, record, and

proceedings herein, and for the following reasons, the court denies

the Keirans' motion.

---

     [1] The Keirans also named Home Capital Inc. and John and Jane
Does 1-10, but never served those defendants.

**BACKGROUND**

The background of this matter is fully set forth in the court's orders from November 30, 2011, and September 1, 2015, granting summary judgment in favor of defendants. The court recites only those facts necessary to resolve the instant motion. In its most recent order, the court rejected a number of the Keirans' assertions regarding the delivery of disclosure statements required by the Truth in Lending Act (TILA), the statutory presumptions controlling the decision, the adequacy of those disclosures, and related issues that were previously raised in the parties' briefs. The Keirans now ask the court to revisit that determination, arguing that the court erred by not adequately addressing their arguments. The Keirans do not rely on newly developed law or recently discovered facts in support of their position, but instead relitigate old arguments. Specifically, the Keirans now bring a motion under Federal Rule of Civil Procedure 52(b) alleging deficiencies in the court's factual findings and requesting that the court make additional and amended findings.

**DISCUSSION**

Federal Rule of Civil Procedure 52(a)(1) states in part, "In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately." If the requirements of Rule

52(a)(1) are satisfied and a party has filed a motion no later than 28 days after the entry of judgment, the court may amend its findings or make additional findings and amend the judgment accordingly.  Fed. R. Civ. P. 52(b).  The court, however, is not required to state findings or conclusions when ruling on a summary judgment motion.  Id. 52(a)(3).

The case before the court was not tried on the facts without a jury or with an advisory jury.  Rather, the case was decided based on the court's orders from November 30, 2011, and September 1, 2015, granting summary judgment in favor of defendants.  The Keirans erroneously cite to Glaverbel Societe Anonyme v. Northlake Marketing and Supply, Inc., for the proposition that Rule 52(b) permits a post-judgment motion for findings not made in this context.  45 F.3d 1550, 1555-56 (Fed. Cir. 1995).  Glaverbel, however, involved summary judgment motions and a trial.  45 F.3d at 1553-54.  Indeed, courts have consistently held that a 52(b) motion is inappropriate in a case decided solely on summary judgment, absent newly discovered evidence.  See APT Minneapolis, Inc. v. Stillwater Twp., No. 00-CV-2500, 2001 WL 936193, at *3 (D. Minn. Aug. 15, 2001) (citing Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 161 (D.N.J. 1988); All Hawaii Tours, Corp. v. Polynesian Cultural Ctr., 116 F.R.D. 645, 648 (D. Haw. 1987), rev'd on other grounds, 855 F.2d 860 (9th Cir. 1988)); Dale & Selby Superette & Deli v. U.S. Dep't of Agric., 838 F. Supp.

3

1346, 1347-49 (D. Minn. 1993) (citing <u>All Hawaii Tours</u>, 116 F.R.D. at 649).  The Keirans do not deny that this case was decided at summary judgment and never went to trial.  Nor do the Kerians allege that there is newly discovered evidence.  Thus, a Rule 52(b) motion is improper.

Even if more properly brought under Rule 59(e), the Keirans' motion would fail.  A motion to alter or amend judgment, pursuant to Rule 59(e), serves the limited function of "correcting manifest errors of law or fact or to present newly discovered evidence." <u>Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills</u>, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotations omitted).  It may be granted when "evidence has been admitted or excluded improperly, evidence has been newly discovered, or improper actions of counsel have affected the outcome of the case." <u>Dale & Selby Superette & Deli</u>, 838 F. Supp. at 1347-48 (internal quotation marks and citation omitted). Rule 59(e) does not afford an opportunity to present evidence or legal argument that could have been offered prior to entry of judgment.  <u>Freeman v. Busch</u>, 349 F.3d 582, 589 (8th Cir. 2003).  Nor can the rule be used to rehash arguments already made and lost.  <u>Schoffstall v. Henderson</u>, 223 F.3d 818, 827 (8th Cir. 2000).  A motion under Rule 59 "is not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances."  <u>Dale & Selby Superette & Deli</u>, 838 F. Supp. at

4

1348.  The court has "broad discretion in determining whether to open a judgment pursuant to a Rule 59(e) motion."  Roudybush v. Zabel, 813 F.2d 173, 178 (8th Cir. 1987).

The court has reviewed the parties' extensive briefing on the cross-motions for summary judgment, as well as the briefs submitted for purposes of the present motion.  Based on that review, the court considers the Keirans' motion to be primarily an attempt to relitigate issues previously raised.  To the extent that the Keirans would like to preserve these issues for appeal, those arguments and their underlying evidence are already in the record. In support of the instant motion, the Keirans rely on no new evidence or recently developed law, but instead seek only to rehash arguments already made and lost, or to raise new arguments that could have been raised before.  The court will not grant relief based on such efforts.

Further, it is not the case, as the Keirans argue, that the court ignored or did not adequately address their arguments.  The court is not required to repeat every argument raised by the Keirans.  The court heard those arguments and rejected them.  As a result, the court denies the motion.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the motion for additional and/or amended findings [ECF No. 92] is denied.


Dated:  October 1, 2015


s/David S. Doty
David S. Doty, Judge
United States District Court